116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vaagn VARTANIAN; Marina Davtian; Stepan Vartanian; Areg
Vartanian, Petitioners,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 96-70047.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1997.**
Decided June 10, 1997.
 
 1
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and HOGAN,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Vaagn Vartanian, Marine Davtian, Stepan Vartanian and Areg Vartanian ("the Vartanians") petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial of their applications for asylum and withholding of deportation by the Immigration Judge.
 
 
 4
 The BIA determined that the Vartanians failed to demonstrate past persecution or a well-founded fear of future persecution "on account of ... political opinion." 8 U.S.C. § 1101(a)(42). Factual findings underlying the decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence. Prasad v. INS, 101 F.3d 614, 617 (9th Cir.1996). The substantial evidence standard is extremely deferential. INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). In order to obtain reversal, a petitioner must show 'that the evidence she presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. Similarly, the BIA's decision whether to withhold deportation pursuant to section 243(h) is reviewed for substantial evidence. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996).
 
 
 5
 We have jurisdiction under 8 U.S.C. § 1105(a) and affirm the BIA's denial of asylum and withholding of deportation.
 
 I.
 
 6
 The Vartanians have failed to present evidence that is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Elias-Zacharias, 502 U.S. at 481. The Vartanians argue that the BIA erred in several respects in affirming the denial of their application for asylum and withholding of deportation. First, they argue that the BIA never addressed whether they qualified as "refugees" under the Immigration and Nationality Act. The BIA clearly addressed the Vartanians' "refugee" status when it stated that they were required to "show persecution or a well-founded fear of persecution in a particular country on account of race, religion, nationality, membership in a particular social group, or political opinion" in order to prove "refugee" status. In determining that petitioners failed to prove a well-founded fear of persecution, the BIA correctly concluded that petitioners failed to prove "refugee" status.
 
 
 7
 Second, petitioners argue that the BIA completely disregarded the evidence supporting their asylum claim. The BIA's decision is replete with references to the facts underlying the Vartanians' claim for asylum and reflects the BIA's consideration of those facts.
 
 
 8
 Third, petitioners claim that the BIA overturned a credibility finding of the Immigration Judge in concluding that petitioners' asylum claim lacked "plausibility." In doing so, petitioners argue, the BIA determined that petitioners were not credible witnesses. The BIA found petitioners' asylum claim implausible based upon the lack of evidence in the record supporting their claim that repressive conditions continue to exist in Armenia. In doing so, the BIA did not disturb the immigration judge's credibility finding.
 
 
 9
 Petitioners argue that the BIA abused its discretion in determining that the testimony of Dr. Levon Jernasian, a clinical psychologist specializing in social psychology, did not constitute expert testimony concerning conditions in Armenia. Dr. Jernasian's expertise is in the field of psychology, not country conditions, and he emigrated to the United States in 1990, one and one-half years before Armenia gained its independence. The BIA did not abuse its discretion in finding that Dr. Jernasian was not a qualified expert to testify about the conditions in Armenia.
 
 
 10
 Finally, in the face of a Department of State Report indicating that "Armenia has compiled one of the best human rights records of the former Soviet Republics," the BIA did not abuse its discretion in finding petitioners' asylum and withholding of deportation claims "not plausible."
 
 
 11
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3